# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0243-25** |
| | ) | GPD REPORT NO. 25-08530 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **JATHAN JOHN PANGELINAN** | ) | DECISION AND ORDER |
| **TEDTAOTAO**, aka Chums, | ) | RE. PEOPLE'S MOTION TO |
| DOB: 12/15/1995 | ) | CONSOLIDATE CASES |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon the People of Guam's ("the People") Motion to Consolidate Cases (the "Motion"). Representing Defendant Jathan John Pangelinan Tedtaotao ("Defendant" or "Defendant Tedtaotao") is Attorney Joseph C. Razzano. Representing the People is Assistant Attorney General Christine S. Tenorio. After having received and reviewed the papers and the file herein and the relevant case authority, the Court issues the following Decision and Order **DENYING** the People's Motion.

## RELEVANT BACKGROUND

**A.     Procedural History for CF0243-25 and CF0253-25**

In CF0243-25, on April 17, 2025, the grand jury returned an Indictment against Defendant for the following offenses: the First Charge of Attempted Aggravated Murder (As a First Degree Felony), with *Special Allegation: Possession and Use of a Deadly Weapon in a Felony*, and

*Notice: Commission of a Felony While on Felony Release*; the Second Charge of Attempted Murder (As a First Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; the Third Charge of Kidnapping (As a First Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; the Fourth Charge of Kidnapping (As a First Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; the Fifth Charge of Aggravated Assault (As a Second Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; the Sixth Charge of Aggravated Assault (As a Third Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; the Seventh Charge of Aggravated Assault (As a Third Degree Felony), with ***Special Allegation****: Possession and Use of a Deadly Weapon in a Felony*, and ***Notice****: Commission of a Felony While on Felony Release*; and the Eighth Charge of Destruction of Evidence (As a Misdemeanor). *See Indict.* (Apr. 17, 2025). The averments contained in the Indictment stem from events that allegedly occurred on April 2, 2025, and names Michael Blas ("Blas") as the victim for Charges 1 through 7. *Id.*

In CF0253-25, on April 28, 2025, the grand jury returned a Superseding Indictment[1] against Defendant Jeromy Moe John Pangelinan ("Defendant Pangelinan") for the following offenses: the First Charge of Attempted Aggravated Murder (As a First Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Second Charge of Attempted Murder (As a First Degree Felony) with ***Special Allegation****:*

---

[1] The grand jury returned an Indictment against Defendant Pangelinan on April 22, 2025.

*Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Third Charge of Armed Carjacking (As a First Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Fourth Charge of Armed Carjacking (As a First Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Fifth Charge of Aggravated Assault (As a Second Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Sixth Charge of Aggravated Assault (As a Second Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Seventh Charge of Aggravated Assault (As a Third Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Eighth Charge of Aggravated Assault (As a Third Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Ninth Charge of Aggravated Assault (As a Third Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Tenth Charge of Aggravated Assault (As a Third Degree Felony) with ***Special Allegation****: Possession and Use of a Deadly Weapon in the Commission of a Felony*; the Eleventh Charge of Possession of an Unregistered Firearm (As a Third Degree Felony); and the Twelfth Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *See Super. Indict., CF0253-25* (Apr. 22, 2025). The averments as contained in the Superseding Indictment stem from events that allegedly occurred on April 2, 2025, and April 5, 2025. *Id.* Blas is the named victim as to the allegations surrounding April 2, 2025, and Keith Santos ("Santos") and Isaiah Hayes ("Hayes") are the named victims surrounding the alleged events of April 5, 2025. *Id.*

In CF0243-25, Defendant Tedtaotao asserted his speedy trial rights on June 13, 2025. *See Assert. of Speedy Trial, CF0243-25* (Jun. 13, 2025). In CF0253-25, Defendant Pangelinan asserted

his speedy trial rights at arraignment on June 5, 2025. *Min. Entry, CF0253-25 (Arraignment)* (Jun. 5, 2025).[2]

In the instant matter, the People filed the Motion on June 19, 2025. Defendant Tedtaotao filed his Opposition on June 23, 2025.

**B.      The People seek consolidation of CF0243-25 and CF0253-25.**

The People seek to consolidate CF0243-25 and CF0253-25 as one matter before the court assigned to Defendant Pangelinan's matter, CF0253-25.[3] *See Ppl.'s Mot.* at 1 The People cite to 8 GCA §§ 55.35(b) and 65.30(a) as the statutory basis for the Motion. *See Id.* at 4. The People assert that joinder is appropriate because both defendants and their alleged conduct occurred in the same act or transaction against the Victim, Michael Blas. *See Id.* at 4-5. Further, on the basis of judicial economy, joinder is appropriate because: (1) both defendants have asserted their speedy trial rights, thus both trials would commence at the same time, (2) both trials have the same witnesses, (3) it would traumatize the Victim to have to testify twice in both trials so close in time, and (4) the defendants would not suffer prejudice because the defendants did not make incriminating statements against each other. *See Id.* at 5.

Defendant Tedtaotao opposes consolidation of both matters. First, Defendant Tedtaotao asserts that the evidence of the alleged events on April 5, 2025, do not support Defendant Tedtaotao's involvement. *See Deft.'s Opp'n.* at 3. Defendant Tedtaotao would suffer prejudice by the April 5 evidence since he was not involved. *Id.* at 3-4.

---

[2] Representing Defendant Pangelinan in CF0253-25 is Attorney Thomas J. Fisher.
[3] The matter in CF0253-25 was originally assigned to Judge Arthur R. Barcinas on April 16, 2025. *See Ntc. of Judge Assign., CF0253-25* (Apr. 16, 2025). On June 20, 2025, Judge Barcinas recused himself from this matter, citing to receiving unsolicited information concerning the alleged events. *See Disqualification 7 GCA § 6106 Memorandum, CF0253-25* (Jun. 20, 2025). CF0253-25 has since been reassigned to Judge Alberto E. Tolentino on June 23, 2025. *See Ntc. of Judge Assign., CF0253-25* (Jun. 23, 2025).

Further, the events of April 2 and April 5 do not constitute a continuing event but, rather, two discrete events with differences. *Id.* at 4-5 (citing 8 GCA § 65.30). Because of the difference between the two events, the People did not *initially* bring them together under a single indictment – if so, they would have brought them together under a single indictment pursuant to 8 GCA § 55.35. *Id.* at 5. Finally, consolidating the cases together may raise concern of affecting Defendant's speedy trial rights. *Id.* (citing *People v. Corpuz*, 2019 Guam 1 ¶ 26). Issues of timeliness and notice requirements would be raised, and Defendant's substance rights could be prejudiced. *Id.* (citing *Corpuz* ¶¶ 30-34; citing also *People v. Riocne*, 2012 Guam 5 ¶ 10). Thus, the People's Motion should be denied, and Defendant Tedtaotao's matter should proceed before this Court. *Id.* at 5.

## DISCUSSION

Under Guam law, "[t]he court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such a single indictment or information." 8 GCA § 65.30. In addition. "[t]|wo (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based in the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA § 55.35(a). The language of 8 GCA §§ 65.30 and 55.35 are permissive instead of mandatory–therefore, the Court has discretion as to whether or not to consolidate cases. *See United States v. Qaoud*, 777 F.2d 1105, 1118 (6th Cir. 1985), *cert. denied*, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987).

When determining whether the offenses are properly joined, courts have traditionally considered "whether the charges are laid under the same statute, whether they involve similar

victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Further, "the validity of joining offenses is determined solely by the allegations in the indictment." *United States v. Greene*, 52 F.3d 335, *1 (9th Cir. 1995) (citing *United States v. Lane*, 474 U.S. 438, 447 (1986)).

**A.      In this case, consolidation of both cases would not promote judicial economy.**

The People assert that case consolidation would promote judicial economy "because the same witnesses will be needed for both trials." *Ppl.'s Mot.* at 5. "Considerations of efficiency and judicial economy weigh heavily in favor of joinder." *United States v. Richards*, 94 F.Supp.2d 304, 310 (E.D.N.Y 2000). However, this matter is unusual in that both defendants have asserted their right to speedy trial. Defendant Tedtaotao asserted his right to speedy trial on June 13, 2025, and Defendant Pangelinan asserted his right to speedy trial at arraignment on June 5, 2025. For the Court to consolidate these cases at this juncture, forcing the parties to regroup and prepare for a consolidated trial, would foreseeably require increased expenditure of resources.[4] This is an example of an unusual case where case consolidation would not promote judicial economy. *See e.g.. United States v. Jordan*, No. 3:07-CR-44, 2008 WL 2901816 (E.D. Tenn. July 22, 2008) (consolidation denied where defendants in one action were ready for trial, while defendants in the other action were not prepared to proceed in trial). Because the People brought forward their Motion, the Court envisions that the People are prepared to bring a consolidated matter to trial,

---

[4] Because both defendants are detained, pursuant to 8 GCA § 80.60, the Court has forty-five (45) days to bring the matter to trial. Defendant Tedtaotao's speedy trial clock expires on July 28, 2025, and Defendant Pangelinan's speedy trial clock expires on July 20, 2025. Such time limits require more preparation from the parties for trial–and even more so if consolidation were granted.

whereas the same cannot be envisioned for the defense. Thus, consolidation of these matters under the premise of promoting judicial economy is rejected.

Additionally, joining the defendants poses a potential risk of having to sever the defendants for constitutional issues, resulting in a delay of the defendants' speedy trial rights.

**B.    The factual basis for both Indictments do not constitute all the same acts or the same common scheme.**

Notwithstanding the Court's above discussion of case consolidation based on promoting judicial economy, the Court next reviews whether consolidation is appropriate based upon the charges as alleged in these matters' Indictments. The People assert that both cases constitute the same act or transaction because both matters involve the same victim, Blas. *See Ppl.'s Mot.* at 4-5. Although Blas is named as a victim in both matters, in CF0253-25, the Superseding Indictment against Defendant Pangelinan only names Blas as the victim in Charges 6, 7, and 8 out of the twelve (12) charges against him. Defendant Tedtaotao is not alleged to have committed crimes against Santos and Hayes, thus Defendant Tedtaotao would suffer the risk of prejudice if the Court were to grant consolidation because there is a high risk, even with a jury instruction, of attributing the evidence of crimes against the victims named in Pangelinan's case to Defendant Tedtaotao.

In addition, the Court finds that the acts alleged on April 2 and April 5 do not constitute the same acts or common scheme as prescribed in 8 GCA § 55.35(a) because "they were substantive offenses, separate and distinct, complete in themselves, and independent of each other, committed at different times." *McElroy v. U.S.*, 164 U.S. 76, 17 S.Ct. 31, 32 L.Ed. (1896).

CF0243-25 involve exclusively the alleged events surrounding April 2, 2025. Defendant Tedtaotao is alleged to have committed crimes against Blas on this date, specifically the charges of Attempted Aggravated Murder, Aggravated Murder, Kidnapping, and Aggravated Assault. Although CF0253-25 involve the events of April 2, 2025, Defendant Pangelinan is only charged

with the offenses of Aggravated Assault against Blas, not the Murder or Kidnapping charges. Further, Defendant Pangelinan is named exclusively involved with events of April 5, 2025, and is alleged to have committed crimes against Santos and Hayes, specifically the charges of Attempted Aggravated Murder, Attempted Murder, Armed Carjacking, Attempted Armed Carjacking, and Aggravated Assault–all unrelated to the events of April 2. Additionally, the events of April 2 occurred in Yigo,[5] whereas the events of April 5 occurred in Talofofo and Dededo.[6] The Court finds that, because the alleged crimes involve different times, dates, locations, and respective victims–the events surrounding April 2 and April 5 do not constitute the same act or transaction or the same common scheme as prescribed in 8 GCA § 55.35(a).

## CONCLUSION

For the above reasons, the People's Motion for Consolidation of Criminal Cases is **DENIED**.

**SO ORDERED** this 30th day of June, 2025.

_____

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:



Date: JUN 3 0 2025 Time: 4:39p
Evan L. Topasna
Deputy Clerk, Superior Court of Guam

[5] *See Decl. of Prob. Cause, CF0243-25* (Apr. 10, 2025).
[6] *See Decl. of Prob. Cause, CF0253-25* (Apr. 12, 2025).